[Civ. No. 18943. Second Dist., Div. One. July 21, 1952.]

DOLORES RAMIREZ et al., Respondents, v. JESS ROMERO, Appellant.

David C. Marcus for Appellant.

Miller, Beck & Stillwell for Respondents.

DRAPEAU, J.—Plaintiff, Dolores Ramirez, testified that on several occasions she had had sexual intercourse with defendant, Jess Romero; that she consented to it upon his promise to marry her; that she had never had intercourse with any other men; that when she told Jess she was pregnant he said, "Get rid of the baby or do something." When she told him she would not do that, he told her he would call her up in a day or two and tell her what·he had decided.

But the call never came. Then she wrote him two letters which were never answered.

After plaintiff's baby girl, Cecelia Romero, was born, she talked with defendant, and asked him to help support the child. He told her this he would not do. But he never denied that he was the father. Then defendant married another woman.

Defendant testified, and denied plaintiff's testimony in whole and in part, except that he said he had been out with her socially on occasions, but never alone.

On rebuttal plaintiff's sister testified that she saw plaintiff get into a car with defendant on Christmas day, 1948. Defendant had specifically denied that he had seen or been with plaintiff or had had anything to do with her on that date.

The trial court found for plaintiff's infant girl, rendered judgment accordingly, and ordered defendant to pay support money, doctor bills, and counsel fees.

Defendant appeals from the judgment, and from an order denying his motion for a new trial.

No matters of law are presented in the briefs. The argument turns solely upon the weight, value and effect of the evidence. Again the old, old story as told by the evidence is as poignant and moving as it ever was. It is a tragedy as old as the family relation, with something to be said, as always, for the woman and for the man, and for the baby girl too. But it was the province of the trial judge to decide. He saw the baby and the man. He heard the testimony. It cannot be said that his decision was error. This is the time-honored substantial evidence rule in this state. (*Arais* v. *Kalensnikoff,* 10 Cal.2d 428 [74 P.2d 1043, 115 A.L.R. 163]; *Sweet* v. *Hamilothoris,* 84 Cal.App. 775 [258 P. 652]; *Andrade* v. *Newhouse,* 54 Cal.App.2d 339 [128 P.2d 927]; *Berry* v. *Chaplin,* 74 Cal.App.2d 652 [169 P.2d 442].)

The judgment is affirmed; the appeal from the order denying defendant's motion for a new trial is dismissed.

White, P. J., and Doran, J., concurred.