[Civ. No. 20544.   First Dist., Div. Three.   Mar. 27, 1963.]

DALE C. TOSH, Plaintiff and Appellant, v. RUTH E. TOSH, Defendant and Respondent.

Douglas G. Cowan and George V. Walker for Plaintiff and Appellant.

Vernon Patterson for Defendant and Respondent.

DEVINE, J.—Appellant makes two points on appeal from a decree of divorce which was made in favor of his former wife: (1) that the evidence is insufficient, as a matter of law, to sustain that part of the judgment which declares a minor child born to the wife on November 13, 1960, to be the lawful issue of her and appellant, and requires appellant to pay for the child's support; and (2) that the court failed to find on the charge of alleged adultery of the wife.

The parties were married on July 28, 1958, and appellant had a vasectomy performed on him in October 1958. The date of separation given in husband's complaint for divorce and in wife's cross-complaint, is March 19, 1960, but the wife testified that appellant often visited her, and continued marital relations, until April 24. She testified that she did not have sexual relations with anyone else than her husband at any time since the date of marriage, to the date on which she testified, in May 1961.

Although appellant charged his wife with adultery, in his complaint for divorce, he produced no evidence of the wife's affection for, propinquity to, or acquaintance with any other man. After the separation, the parties lived next door to each other. Appellant relies on his asserted sterility as negativing paternity and establishing adultery.

In November 1958, June 1960, and July 1960, tests of semen which was thought by the doctors to be that of appellant showed an absence of live spermatozoa. The first of these tests was done by the physician who had operated, about a month after the operation. The doctor had no records, but testified that no live spermatozoa were present; he could not remember if there were any other sperm. He testified, as did the second physician who was a witness, that a test so soon after the operation is not conclusive.

The two later tests, in 1960, were after the divorce action

had been commenced, and after the wife had informed appellant that she was pregnant and that he was the father. It was assumed by those who conducted the tests that the specimens were those of appellant, for they did not have personal knowledge that this was the fact. Indeed, appellant did not directly testify as to the age of the specimens, nor even that they were his own.

The doctor who performed the vasectomy testified that in his opinion, appellant was sterile during the first quarter of 1960, but admitted that vasectomy does not always produce sterility; that "maybe once in fifty times" fertility is regained; that by congenital anomaly the man may have two or three cords; that probably five men in Martinez who were supposedly sterilized in the past five years have recovered fertility; that he has performed about 50 vasectomies, and of the subjects of these, one man is fertile.

The second doctor testified that, assuming that but one vasectomy had been done, and considering the 1960 tests, it was his opinion that appellant was sterile in January 1960. He admitted that it is not uncommon for a first vasectomy to be unsuccessful, and for the subject to have a second performed. He also conceded that he would not regard the single test which he made as establishing sterility in a case where married people were considering adoption, but thought it was sufficient with what was "apparently a successful vasectomy." There was no testimony whether there had been a second operation; the court asked counsel for appellant, who stated that there had not.

The baby was shown to the judge, and so were children by former marriages of each of the parties, for his observation of whatever resemblances might appear.

It is unnecessary to consider whether the conclusive presumption created by subdivision 5 of section 1962 of the Code of Civil Procedure, which is that the issue of a wife cohabiting with her husband, who is not impotent, is indisputably presumed to be legitimate, applies to a case where the husband, though not impotent, is proved to have been sterile (a question debated in the briefs), because substantial evidence was produced to sustain the implied finding that the husband was not sterile. On the positive side, this evidence is the wife's unequivocal testimony that she did not have sexual relations with any other man. This testimony is supported by the evidence that, although appellant lived with his wife during the period when the child was conceived, and lived next door to

her after the separation, he produced no evidence whatever of affinity of the wife for anyone else, except the deduction which he asserts should be drawn from his claimed sterility. Also, on the positive side, is whatever physical resemblance the judge may have seen, a circumstance to be considered together with the other facts. (*Rose* v. *Tandowsky*, 80 Cal.App.2d 927, 932 [183 P. 2d 347] ; *Ramirez* v. *Romero*, 112 Cal.App.2d 319 [245 P.2d 1118].)

Now, for the negative side of the evidence. To be sure, the opinions of the experts had to be weighed, as they were, but they are not entitled to the conclusive effect which appellant claims for them. The admission by both physicians that vasectomy does not always accomplish its purpose; the concession by both that the first test, made soon after the operation, could not be relied upon; the uncertainty surrounding the specimens used in the later tests; and the possibility that a second vasectomy, after the pregnancy occurred, had been performed by another doctor, act as subtrahends from the experts' opinions that appellant was sterile. (See *Madden* v. *Madden*, 160 Cal.App.2d 422, 425 [325 P.2d 538].) The integrity of the specimens depended on the honesty of appellant, and the court was not obliged to accept this in preference to the honesty of respondent. It may be observed that appellant's testimony directly clashed with respondent's in this: that respondent, the wife, testified that she and her husband had intercourse until April 24; while he testified that relations ended about February 1, 1960, about two weeks more than nine months before the child's birth, but a month and a half before the date which he fixes as that of the parties' separation.

Appellant contends that the court failed to find on the issue of adultery, and that the finding that the child is appellant's is insufficient, because the court may have found so, not by conclusion from the testimony, but solely by applying the conclusive presumption of legitimacy stated in Code of Civil Procedure section 1962, subdivision 5. The transcript shows clearly that the court did not rely on the presumption, and besides, the court's finding that respondent was at all times a good and dutiful wife is sufficient.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.