[No. 115-40712-1.   Division One.   April 27, 1970.]
Panel 2

MARY S. COCHRAN, *Respondent,* v. ROBERT N. COCHRAN, *Appellant.*

*Reaugh, Hart, Allison, Prescott & Davis* and *Keith R. Baldwin,* for appellant.

*Gerald R. Moran,* for respondent.

WILLIAMS, J.—In this divorce action, the only question contested was the legitimacy of a child of the parties. Appellant husband insists that he could not possibly be the father. The trial court found otherwise, and this appeal ensued.

With the consent of respondent wife, a vasectomy was performed upon appellant on August 10, 1966, by Dr. Frederick Hahn. Dr. Hahn was called as a witness by appellant and testified that in the operation approximately 1 inch of each of the tubes carrying the sperm was removed. The remaining ends were ligated (tied) with permanent silk sutures. Scar tissue formed at each of the cuts. He further testified the success or failure of that type of surgery is

determined by tests for the presence of sperm. If there is any found, the operation is a failure. A count of 60 million per cc is normal and a count of 10 million per cc is the absolute minimum to impregnate.

Following the operation, appellant was tested five times from November, 1966, to August, 1968. The result of each test was negative. One of the tests, that of August 22, 1968, was wholly controlled by Dr. Hahn. The parties were living together in ·September, 1967, during which time the child was conceived.

On cross-examination, Dr. Hahn stated it was possible for a sperm to travel by rechannelization to accomplish conception. However, he testified that if there were rechannelization the tests would have shown the presence of millions of sperm. "In other words, it [is] very obvious that the procedure has failed when it fails." In his opinion, the chance of appellant being able to impregnate during the critical period was, to a reasonable medical certainty, nil.

Appellant offered testimony that respondent had adequate opportunities to be indiscreet.

Respondent produced no medical or other evidence bearing upon the capability of appellant and the legitimacy of her child except her own testimony as follows:

Q  Who is the father of your last child, Mrs. Cochran?
A  Mr. Cochran.

.  .  .

Q  Mrs. Cochran, did you ever have anything to do with [name omitted] or [name omitted] outside of a normal friendly relationship, husband to wife?  A  No.

.  .  .

Q  Did you ever have an affair with anybody, Mrs. Cochran, during the period of time that you were married?  A  No.

■  The foregoing is all of the evidence bearing upon the issue of legitimacy. The proof required to overcome the presumption of legitimacy of a child born during wedlock

has been variously stated. In *Pierson v. Pierson,* 124 Wash. 319, 214 P. 159 (1923), the court said:

> No principle of law is more firmly established than the principle that every child born in wedlock is presumed to be legitimate. . . .
>
> . . .
>
> A court will not by its judgment brand an innocent child with the bar sinister unless the record is so far conclusive as to leave room for no other course.

In another case, *In re Adoption of a Minor,* 29 Wn.2d 759, 189 P.2d 458 (1948), a similar requirement was used:

> It is incumbent upon the mother, who alleges her husband is not the father of the child, to prove by clear and convincing evidence that the child is illegitimate.

The latest decision is that of *Stone v. Stone,* 76 Wn.2d 586, 458 P.2d 183 (1969):

> Equity, justice and common sense require that every reasonable presumption be made in favor of legitimacy and we place a heavy burden of proof on the person alleging illegitimacy. 10 Am. Jur. 2d *Bastards* § 10 (1963). The learned Justice Cardozo has said that the presumption of legitimacy should not fail unless common sense and reason are outraged by such a holding. H. Clark, *Law of Domestic Relations* 172 (1968).
>
> While various standards have been set up concerning the degree of proof necessary to overcome the presumption of legitimacy of a child born to a married woman, we favor the view taken by most courts in this country, *i.e.,* a mere preponderance of the evidence is not sufficient to rebut that presumption. Something more is required before it can be said that the challenger has sufficiently met his burden of proof, and that "something more" should be evidence so strong and irresistible that no other conclusion can reasonably be made.

Certainly, the evidence to rebut the presumption must be clear and convincing. 5 R. Meisenholder, Wash. Prac. § 569 (1965).

In review, we must determine only whether there is substantial evidence to support the findings of the court, *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959), and examine the record to see if the deci-

sion is based upon a wrong principle of law or misapprehension of facts. *Malstrom v. Kalland,* 62 Wn.2d 732, 384 P.2d 613 (1963).

■ Dr. Hahn's testimony was undisputed, it was not inherently improbable, and no one questioned his credibility. In our opinion, the evidence supplied by the medical witness was clear and convincing that the vasectomy was a success, appellant was sterile and the presumption of legitimacy was overcome. The finding of legitimacy can only be sustained if the trial court had some reason to disbelieve or disregard the testimony of Dr. Hahn. In this connection we look to the findings which recite only that the child was born of the marriage. Turning then to the oral decision, it appears that the trial court believed Dr. Hahn's testimony to be strong, but not sufficiently so to rebut the presumption. As to respondent's indiscretion, the court in its oral decision said:

> There has been circumstantial evidence introduced, circumstantial evidence from which there are strong inferences of [misconduct] . . .

Thus, there is no indication from the trial court upon what circumstances he relied or what weakness he found in the testimony to decide that it did not overcome the presumption. Certainly the medical evidence is decisive if it is fully believed.

We are therefore unable to review the case. A similar problem has arisen in Department of Labor and Industries cases in which the record is made before an examiner and carried on appeal only on that record. In superior court the appeal is heard de novo, findings are entered, and on transfer to the appellate court the review is limited as in other civil cases. RCW 51.52.140; *Benedict v. Department of Labor & Indus.,* 63 Wn.2d 12, 385 P.2d 380 (1963); *Pend Oreille Mines & Metals Co. v. Department of Labor & Indus.,* 63 Wn.2d 170, 385 P.2d 856 (1963).

The Supreme Court, in *Groff v. Department of Labor & Indus.,* 65 Wn.2d 35, 395 P.2d 633 (1964), answered the problem by requiring the trial court to answer certain

questions in its findings on the factual issues. In the course of that opinion it said:

> For an adequate appellate review in cases such as the one now before us, this court should have, from the trial court which has tried the case de novo, findings of fact (supplemented, if need be, by a memorandum decision or oral opinion) which show an understanding of the conflicting contentions and evidence, and a resolution of the material issues of fact that penetrates beneath the generality of ultimate conclusions, together with a knowledge of the standards applicable to the determination of those facts.

As to a finding concerning the medical testimony, the court further said:

> We are not saying that the trier of the facts should believe the testimony of the treating physician; the trier of the facts determines whom it will believe; but it should, in its findings, indicate that it recognizes that we have, in several cases, emphasized the fact that special consideration should be given to the opinion of the attending physician. [Citations omitted.] If it elects to accept the testimony of the examining physician, there should be some indication why it is preferable to that of the attending physician.

In order to review this case, we must know the basis for the trial court's disbelief of the medical witness or the reason for its not relying upon his testimony.

The judgment relating to the child's legitimacy and the provision for his support is vacated. The cause is remanded with instructions to enter additional findings of fact. An appeal may be taken from the judgment based upon the additional findings of fact and conclusions of law. In all other respects, the decree is affirmed.

HOROWITZ, A. C. J., and UTTER, J., concur.