[No. 938-1.    Division One—Panel 1.    June 26, 1972.]

PAUL E. MEEKER, *Appellant*, v. DUANE HOWARD *et al.*,
*Respondents.*

*Rutherford, Kargianis & Austin* and *Russell A. Austin, Jr.,* for appellant.

*Siderius, Lonergan & Crowley* and *Patrick W. Crowley,* for respondents.

HOROWITZ, C.J.—Plaintiff, Paul E. Meeker, sued the defendants Howard for conversion by defendant husband of various items of personal property. Plaintiff recovered judgment. He appeals, claiming that the amount of the judgment is inadequate.

The evidence shows the following. We shall refer to the respondents as defendant. In June 1969 plaintiff rented an apartment from defendant under a lease terminable on 3 days' written notice. Plaintiff became delinquent in two monthly rental payments in the total sum of $358. On October 1, 1969, defendant, without giving the 3-day required notice and in the absence of the plaintiff, entered his apartment and removed plaintiff's personal property therefrom. He then installed a so-called "clamshell" on the doorknob to prevent plaintiff's entry. Defendant removed the personal property, including plaintiff's tools, to an unoccupied apartment where it remained under his control until the time of trial.

On October 6, 1969, plaintiff was offered another job as a motorcycle mechanic. The job required that he furnish his own tools. Plaintiff was unable to accept the job because defendant had possession of his tools and refused to surrender them until plaintiff paid the delinquent rent claimed.

The trial court found the defendant had obtained illegal possession of plaintiff's personal property, including his tools, because he failed to give the required 3-day notice of termination of tenancy under the lease. He granted judgment for damages by way of conversion in the sum of $500. He held further, however, that defendant was entitled to a $250 setoff, representing $75 for unpaid rent (after giving plaintiff credit for sums subsequently paid on ac-

count of rental owing) and $175 for apartment cleanup costs as provided in the lease not compensated by plaintiff's $75 damage deposit.

Plaintiff contends on appeal that $500 is inadequate and that the offsetting damages should have been limited to $75. He also claims that the court improperly denied him damages for lost earnings caused by defendant's conversion of plaintiff's tools. The controlling question is whether substantial evidence supports the findings. We find the evidence sufficient and affirm the judgment.

██ The trial court's fact-finding function and our function are dissimilar. We may not substitute our own findings for those of the trial court if its findings are supported by substantial evidence. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959). Questions of witness credibility are peculiarly for the trial court, not for this court. This rule applies even though the testimony of a witness is uncontradicted. However, uncontradicted testimony is not to be arbitrarily disbelieved. There must be a reason for doing so. *See Cochran v. Cochran,* 2 Wn. App. 514, 468 P.2d 729 (1970). Thus, the uncontradicted testimony of the witness may disclose discrepancies or inconsistencies, or may be inherently improbable. In the case of expert testimony by the owner or other witness, the court may consider the qualifications of the person testifying to be minimal, or may consider the reasons he gives in support of his opinions to be inadequate.

██ In *Swenson v. Lowe,* 5 Wn. App. 186, 486 P.2d 1120 (1971), we upheld the trial court's refusal to accept in its entirety the uncontradicted testimony of an expert witness as to value. The court said:

> The trial court may well have believed that some of the deficiencies did not exist. As to the "deficiencies" for which the court made an allowance, in each case the amount allowed was substantially less than Mr. Ceis estimated the cost of repair to be. The trial court could have believed that Mr. Ceis did not give sufficient reasons for his estimates on various claimed deficiencies to be persuasive; or the trial court may have been of the opinion

that the reasonable cost at the date of trial in May of 1969 would not prove the reasonable cost of repair either at the date when performance of the contract reasonably should have been completed, or at the date when the contractor ceased performance on August 15, 1967.  .  .  .

.  .  .

.  .  . The credibility of expert testimony dealing with cost estimates and their reasonableness, even though uncontradicted, is for the trier of the facts. *See State v. Melrose,* 2 Wn. App. 824, 470 P.2d 552 (1970); *Rognrust v. Seto, supra* [2 Wn. App. 215, 467 P.2d 204 (1970)]; Annot., 62 A.L.R.2d 1191 (1958). The court might have declined to credit the testimony at all. Nevertheless, he made offsetting allowances in the sum of $625 for items which are detailed in finding 6. Defendants complain that the allowances were insufficient. However, the court impliedly found that Mr. Ceis' testimony furnished the court with an inadequate basis for a greater allowance. Such an implied finding was within the trial court's power to make.

5 Wn. App. at 191-92. *See Rognrust v. Seto,* 2 Wn. App. 215, 467 P.2d 204 (1970); *Riblet v. Spokane-Portland Cement Co.,* 45 Wn.2d 346, 274 P.2d 574 (1954).

In the instant case, exhibit 8 admitted in evidence itemizes the personal property taken by defendant. Plaintiff, as an owner, testified to the value of these items. He made no showing that he had investigated the fair market value of the items as of the date of conversion. In certain instances he gave no reasons to support his opinions, or the reasons he gave could have been properly found by the court to be inadequate. His opinions on value were little more than estimates. Thus, he was unable to testify concerning the cost of any of the items taken other than the cost figure of $350 with respect to one motorcycle. He did not even offer photographs of the items taken, although these could have been supplied by resort to CR 34. Under the circumstances, we cannot find that the court exceeded his powers as a trial judge in determining that at best the evidence was sufficient merely to show that the property taken had a fair cash market value of $500.

Plaintiff contends the court erroneously held as a matter

of law that lost wages, even if proved, are not recoverable in an action for conversion of tools needed to obtain such wages. He cites C. McCormick, Damages § 123 (1935). Indeed, he assigns error to the entry of the portion of conclusion of law 2 reading:

> The damage for taking and retaining a man's tools are the reasonable value of the tools, and not the consequential loss of income flowing therefrom.

The record in the instant case makes it unnecessary to determine whether the quoted portion of conclusion 2 is a correct statement of the law.

██ Plaintiff had the burden of proving that the conversion of the tools proximately caused the loss of the wages claimed. He was required to obtain a finding to that effect. Failure to obtain such a finding would ordinarily mean that no such fact had been proved. *McCutcheon v. Brownfield*, 2 Wn. App. 348, 467 P.2d 868 (1970). Plaintiff included finding 9 in his proposed findings. That finding reads:

> Plaintiff lost employment and earnings in the net sum of $2,136.00 after defendants converted the tools of his trade.

The court struck the proposed finding by drawing a line through it and affixing his initials to the stricken finding. We interpret the court's action as a refusal to find as a fact that the plaintiff lost wages. Indeed, in his certificate to the findings and conclusions relied on, the court referred to finding 9 which he struck and stated that that finding was one "I did not intend to make." Plaintiff assigns error to the court's action in striking the finding. The validity of the court's action in so doing must be considered in connection with plaintiff's contention as to the recoverability of lost wages. We find no error in the court's refusal to make finding 9 as proposed by plaintiff. The court had the right to believe that the evidence on which the proposed finding was based was unsatisfactory. Neither the tools taken nor photographs of the tools were offered in evidence. The tools were in defendant's possession and they could have been

produced by use of a subpoena duces tecum, or produced for inspection and photographed under CR 34. Furthermore, plaintiff's testimony as to the number and nature of the tools taken was sharply disputed by defendant. The latter testified he had examined the tools in the tool chest taken and that the tool chest did not contain certain tools claimed by the plaintiff to have been there and without which plaintiff could not have accepted the employment offered to him. Furthermore, the court had a right to believe that the duration of the proposed employment was a speculative matter. The job offered was not for a fixed term. The employer expected the job to last, but there was evidence from which the trial court could conclude that the length of the job depended upon the availability of business.

If it were argued that the court struck finding 9 as unnecessary because of conclusion 2, we would find no record support for such argument. On the contrary, for the reasons stated, the court's action in striking the finding is more easily explained on the basis that the evidence did not warrant the entry of such finding.

■ Proposed finding 9 having been stricken on the merits, recovery of lost wages would not be proper even if the rule of damages stated in conclusion 2 were held erroneous. Before wages claimed to have been lost are recoverable, there must be a finding that the loss actually occurred. Accordingly, an erroneous statement of the measure of damages, without the required finding, is harmless error. On the other hand, it is possible to reconcile the findings and conclusions with respect to lost wages and thereby uphold the judgment. See *Callan v. Callan*, 2 Wn. App. 446, 468 P.2d 456 (1970). Such a reconciliation is possible if we treat conclusion 2 as an attempt to state the relief required in the instant case with finding 9 stricken. It is the function of findings to be responsive to the issues raised. It is the function of conclusions to apply the law to the facts with a view to stating the relief required in the particular case. See *Kerfoot v. Kessener*, 227 Ind. 58, 84

N.E.2d 190 (1949); *Peoples v. Peoples,* 10 N.C. App. 402, 179 S.E.2d 138 (1971). Either theory discussed would require us to overrule the error assigned to conclusion 2.

■ Plaintiff finally contends that the offset for cleanup costs is excessive and that $75 would have been enough. The testimony, however, is that the cleanup costs incurred were $250. It is true that the defendant's counterclaim for cleanup cost was limited to $75. However, the testimony received without objection had the effect of amending the pleadings to conform to the proof. CR 15(b), (c); *Amende v. Pierce County,* 70 Wn.2d 391, 423 P.2d 634 (1967); *Mading v. McPhaden,* 50 Wn.2d 48, 308 P.2d 963 (1957). *See Bradford Audio Corp. v. Pious,* 392 F.2d 67 (2d Cir. 1968); *Williams v. United States,* 405 F.2d 234 (5th Cir. 1968).

■ Plaintiff, at oral argument on appeal, for the first time contended that defendant was not entitled to any cleanup cost offset because of his illegal termination of the lease. The contention was not made below, nor in the briefs on appeal. The trial court was not accorded an opportunity to pass on the contention, nor was the defendant's counsel accorded an opportunity to meet it except for the first time at oral argument. The contention comes too late. *See Puget Sound Marina, Inc. v. Jorgensen,* 3 Wn. App. 476, 475 P.2d 919 (1970).

The judgment is affirmed.

WILLIAMS and CALLOW, JJ., concur.

Petition for rehearing denied July 17, 1972.

Review denied by Supreme Court August 18, 1972.