Gene Paul BARCELO, Appellant,

v.

Verna Joann BARCELO, Appellee.

No. A2424.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 9, 1980.

Rehearing Denied July 30, 1980.

Rachel Johnson, Smith & Johnson, Pasadena, for appellant.

Ray B. Pitchford, Houston, for appellee.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

In this appeal we affirm the trial court's decision that a husband who had undergone a vasectomy is the legitimate father of a child born during his marriage. Because of the state of the record, however, the case is not a fair test of the question of whether the presumption of legitimacy of a child born during marriage may be overcome by showing of a prior successful vasectomy, a question which apparently has not to this time been decided in Texas.

Appellant, Gene Paul Barcelo, and appellee Verna Joann Barcelo, were married March 23, 1976. A child was born to appellee November 5, 1977 and was therefore conceived during the prior February. Ap-

pellant alleges that the couple separated in November, 1976 while appellee claims that they cohabited until April, 1977.

Dr. Paul Darden testified that he had performed a vasectomy on the appellant in January, 1967, that he had thereafter taken four sperm counts, viz. February 27, 1967, March 18, 1967, December 3, 1970, and August 21, 1979. He did not testify as to the results of the two earlier counts, but as to the latter two reported that no sperm were seen. He further stated that between December 3, 1970 and August 21, 1979: "It's my professional opinion that [appellant] was [sterile], but it's not absolute. It's my professional opinion that he was."

Appellant, in a previous marriage, was the father of three children born prior to the vasectomy. In addition, his then wife gave birth to three children after the vasectomy. As to each of these children there was evidence that he was listed as the father on birth certificates; in addition, he signed the death certificate as father of one that died within a day of birth. At least one of them lived with him and his former wife and all carried the Barcelo name. Concerning these, and by way of explanation, he testified that he was not the father, that his wife "would run off and get pregnant and there wasn't a problem as to taking her back because there were three kids."

The trial court awarded the divorce, declared the child to be legitimate, ordered child support by the appellant of $150.00 per month, awarded the appellant the tangible properties of the parties including his pension plan, and gave appellee judgment of $3,000.00 against appellant plus attorney's fees. Appellant here challenges the child support payments because of his claim that the child is not his, and the $3,000.00 judgment on the basis that he was awarded some non-existent property.

No findings of facts and conclusions of law having been furnished us, we must presume that every fact issue was found favorably to the appellee, and affirm if there is any legal theory which upholds the judgment and has support in the evidence.

*Quinn v. Dupree*, 303 S.W.2d 769 (Tex.Sup. 1957).

While we have found no Texas cases that have treated with the issue of whether evidence of a successful vasectomy is sufficient to rebut the presumption of legitimacy, there are a number of cases in other jurisdictions that have considered the question.

Among those that have ruled that the presumption is rebutted are *Hughes v. Hughes*, 125 Cal.App.2d 781, 271 P.2d 172 (1954); *S____ v. S____*, 520 S.W.2d 652 (Mo. App.1975); *In re Stroope's Adoption*, 232 Cal.App.2d 581, 43 Cal.Rptr. 40 (1954); and *In re Kessler's Estate*, 76 S.D. 158, 74 N.W.2d 599 (1956). Of these only *S____ v. S____* involved a divorce case in which the wife was alleging legitimacy.

Those cases which have decided that the presumption was not rebutted include *L. v. M.*, 134 N.J.Super. 69, 338 A.2d 227 (1975); *Whitman v. Whitman*, 140 Ind.App. 289, 215 N.E.2d 689 (1966); *Tosh v. Tosh*, 214 Cal. App.2d 483, 29 Cal.Rptr. 613 (1963); and *Pyeatte v. Pyeatte*, 21 Ariz.App. 448, 520 P.2d 542 (1974).

In remanding *Cochran v. Cochran*, 2 Wash.App. 514, 468 P.2d 729 (1970), for further findings, the court held that only if the trial court disbelieved the testimony of the physician could the decision that the child was legitimate be affirmed.

We note that only in the latter case, *Cochran v. Cochran*, which was not definitively decided, has any appellate court reversed a trial court holding of paternity despite an apparently successful vasectomy.

It is our opinion that where a successful vasectomy has been proved *by clear and convincing evidence* the presumption of legitimacy will be rebutted. Such is not true in the instant case: the physician testified that his conclusion was not absolute; he did not even define a vasectomy, let alone describe the surgical techniques used to interrupt the flow of sperm in the ejaculate; no proof was offered of the security of the tests—indeed no effort was made to demonstrate that the ejaculate tested was

in fact that of the appellant; and there was not the slightest evidence of the wife's adultery. Under this state of the record we must overrule appellant's point of error, and hold that the child is legitimate.

■ Appellant further complains of the granting of a judgment of $3,000.00 to appellee, and urges that such judgment was based on the awarding of a tract of land to appellee, a tract which had been repossessed prior to the trial. In the absence of findings and conclusions we must assume that the trial court did not abuse its discretion in the division of the community, and that, even if ownership of the particular tract was not in the community, other community property was available out of which appellant could pay the judgment. This property could include two automobiles, the pension plan, and an income tax refund as to which the appellee testified her share was over $2,000.00.

Appellant's second point of error is overruled, and the judgment is affirmed.