IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| JOEL GONZALEZ-PRUNEDA, | ) | No. 33621-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| VALLEY FRUIT COMPANY, LLC, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — After a bench trial on the merits, the superior court sustained Joel Gonzalez-Pruneda's claim for workers' compensation benefits against his former employer, Valley Fruit Company, LLC (Valley Fruit). Valley Fruit appeals, arguing substantial evidence does not support this decision because Mr. Gonzalez-Pruneda's allegation of a work place injury lacks credibility when viewed in light of overwhelming medical evidence to the contrary. While Valley Fruit's position has factual appeal, we are not fact-finders. We must defer to the trial court's credibility assessment. The judgment

allowing benefits is therefore affirmed, and Mr. Gonzalez-Pruneda's request for attorney fees is granted.

## FACTS[1]

On September 5, 2012, Mr. Gonzalez-Pruneda was employed with Valley Fruit driving a forklift. Because Mr. Gonzalez-Pruneda had previously injured his right shoulder, he steered the forklift primarily with his left hand. While working at a fast pace, Mr. Gonzalez-Pruneda felt a pop, then pain, in his left shoulder. Mr. Gonzalez-Pruneda reported the incident to his supervisor, Luis Reyes.

Mr. Gonzalez-Pruneda did not immediately seek medical care for his injury. However, his wife noticed he was in pain. Two days after his left shoulder injury, Mr. Gonzalez-Pruneda was laid off from work at Valley Fruit. It was at this point he sought medical attention.

On the afternoon of September 7, Mr. Gonzalez-Pruneda went to the emergency room at Yakima Valley Memorial Hospital complaining of left shoulder pain. According to notes from the triage nurse, Mr. Gonzalez-Pruneda reported he had injured his left shoulder at work two days earlier while making a hard turn of the wheel of his forklift.

---

[1] The facts are construed in the light most favorable to Mr. Gonzalez-Pruneda, the party who prevailed in the superior court.

2

He was later evaluated by Laura Daily, a nurse practitioner in the Yakima Valley Memorial Hospital emergency room. When talking to Ms. Daily, Mr. Gonzalez-Pruneda could not provide a time or place for the onset of pain in his left shoulder. During the examination, Ms. Daily did not find any objective evidence of an acute or traumatic injury. She diagnosed Mr. Gonzalez-Pruneda with shoulder strain.

On September 18, Mr. Gonzalez-Pruneda visited his primary care physician, Dr. Joseph Vickers. Dr. Vickers had previously been treating Mr. Gonzalez-Pruneda for the right shoulder injury. However, as early as July 2010, Dr. Vickers noted Mr. Gonzalez had some discomfort and limited motion in his left shoulder. Dr. Vickers's notes from Mr. Gonzalez-Pruneda's visit on September 18 indicated a worsening of the left shoulder condition with greater pain in the left shoulder than the right. He assessed this as a "flare-up of bilateral rotator cuff tendinosis" that is "[c]onsistent with acute overuse, exacerbating a chronic condition. Currently disabled due to decreased range of motion and pain." Clerk's Papers at 580.

On November 6, 2012, Mr. Gonzalez-Pruneda had magnetic resonance imaging (MRI) of his left shoulder. Dr. Vickers read the report of the radiologist interpreting the MRI films. Having not seen the images, he could not say on a more probable than not basis whether any of the pathology noted on the study was acute in nature.

3

No. 33621-2-III
*Gonzalez-Pruneda v. Valley Fruit Co.*

Dr. Patrick Bays, a board certified orthopedic surgeon, performed a forensic examination of Mr. Gonzalez-Pruneda's medical records at the request of Valley Fruit. Dr. Bays reviewed the MRI films of the left shoulder and determined Mr. Gonzalez-Pruneda had chronic, not acute, left shoulder pathology. Based on this determination, he concluded Mr. Gonzalez-Pruneda could not have sustained an acute injury to his left shoulder on or about September 5 during the course of his employment with Valley Fruit. He also determined Mr. Gonzalez-Pruneda's MRI films did not indicate a recent flare up or lighting up of his chronic left shoulder pathology.

Mr. Gonzalez-Pruneda filed a claim for workers' compensation benefits with the Department of Labor and Industries (Department). The Department approved the claim as an aggravation to a pre-existing condition. Valley Fruit appealed to the Board of Industrial Insurance Appeals (Board), which reversed. Mr. Gonzalez-Pruneda then exercised his right of appeal to superior court. Trial in the superior court was limited to the existing paper record. No live testimony was considered. At the conclusion of the proceedings, the superior court found Mr. Gonzalez-Pruneda's claim of injury credible and upheld the Department's initial award of benefits. The court also granted Mr. Gonzalez-Pruneda's request for attorney fees. Valley Fruit has filed a timely appeal with this court.

4

No. 33621-2-III
*Gonzalez-Pruneda v. Valley Fruit Co.*

## ANALYSIS

Our analysis is governed by the applicable standard of review. While this matter was in superior court, review was de novo. RCW 51.52.115. Although the evidence before the superior court was limited to the Board's certified record, the court was empowered to reweigh testimony and reject the Board's factual findings. *Cantu v. Dep't of Labor & Indus.*, 168 Wn. App. 14, 20, 277 P.3d 685 (2012). Our role is much different. Although the factual record available to us is identical to what was considered in superior court, de novo review no longer applies. Instead, we are governed by traditional standards of appellate review. *Id.* at 21. We therefore give the superior court's factual determinations broad deference and review the court's findings only for substantial evidence. *Ruse v. Dep't of Labor & Indus.*, 138 Wn.2d 1, 5, 977 P.2d 570 (1999). Of critical importance here is that the superior court's credibility determinations "cannot be reviewed on appeal." *Cantu*, 168 Wn. App. at 22.

To qualify for industrial insurance benefits, a claimant must have suffered an injury during the course of employment that is causally linked to a physical condition. RCW 51.08.100; *Goyne v. Quincy-Columbia Basin Irrig. Dist.*, 80 Wn. App. 676, 682, 910 P.2d 1321 (1996). Valley Fruit does not dispute that Mr. Gonzalez-Pruneda has an adverse physical condition pertaining to his left shoulder. The only issue is causation. As

5

framed by Valley Fruit, causation "depends on Mr. Gonzalez[-Pruneda]'s credibility as to whether or not he truthfully related the physical effects of an industrial event in order to support the opinion of his medical expert, Dr. Vickers, on the issue of medical causation." Br. of Appellant at 1.

The flaw in Valley Fruit's argument is that it is nothing more than a request to reassess Mr. Gonzalez-Pruneda's credibility. That is not a cognizable claim on appeal. *Watson v. Department of Labor & Industries*, 133 Wn. App. 903, 910, 138 P.3d 177 (2006). While ample evidence could have permitted the trial court to reject Mr. Gonzalez-Pruenda's testimony as not credible, this outcome was not required. *Zavala v. Twin City Foods*, 185 Wn. App. 838, 862, 343 P.3d 761 (2015).

Valley Fruit fails to provide any authority for the argument that a trier of fact's decision to accept a witness's testimony as credible can be rejected on appeal. The cases cited are inapposite. Both *Cochran v. Cochran*, 2 Wn. App. 514, 468 P.2d 729 (1970), and *Groff v. Dep't of Labor & Indus.*, 65 Wn.2d 35, 395 P.2d 633 (1964), involved trial court decisions issued with scant factual findings and raised concerns over whether there had been a misunderstanding about the applicable legal standard. In *Cochran*, the trial court rejected uncontested medical testimony regarding the effectiveness of a vasectomy, thereby suggesting the court had given too much weight to the legal presumption of

6

parentage for a child born during wedlock. In *Groff*, the trial court had upheld a Board decision without any detailed independent findings. This raised concern over whether the court appreciated its obligation to conduct an independent review of the evidence. *Groff*, 65 Wn.2d at 40-43. Neither *Cochran* nor *Groff* held that the trial courts' ultimate credibility determinations were impermissible. Instead, both decisions held that the trial court's findings needed to be supplemented in order to ensure review had been complete and there was no legal error.

There is no suggestion here of legal error. Valley Fruit's only claim is that Mr. Gonzalez-Pruneda's testimony was so implausible that no reasonable jurist could have believed him. This is purely a credibility argument. It is not something we will review on appeal.

In his response to Valley Fruit's appeal, Mr. Gonzalez-Pruneda has requested attorney fees. Because he is the prevailing party, such fees are appropriate under RCW 51.52.130 and RAP 18.1. *Brand v. Dep't of Labor & Indus.*, 139 Wn.2d 659, 674, 989 P.2d 1111 (1999).

## CONCLUSION

The trial court judgment in favor of Mr. Gonzalez-Pruneda is affirmed. Because Mr. Gonzalez-Pruneda is the prevailing party, his request for attorney fees is granted.

7

No. 33621-2-III
*Gonzalez-Pruneda v. Valley Fruit Co.*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____ 　　　_____
Fearing, C.J. 　　　　　　　　　　　Lawrence-Berrey, J.

8