[No. 17613. Department Two. April 9, 1923.]

ANNIE PAULINE PIERSON, *Respondent*, v. JAMES DENNY PIERSON, *Appellant*.[1]

BASTARDS (1)—EVIDENCE—PRESUMPTION OF LEGITIMACY. Every child born in wedlock is presumed to be legitimate; and such presumption is not overcome by the fact that a child was born 336 days after the parties ceased to co-habit, the medical authorities stating that such period is not exceedingly rare.

Appeal from a judgment of the superior court for King county, Davidson, J., entered March 11, 1922, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*Coleman & Fogarty*, for appellant.

*Rummens & Griffin*, for respondent.

FULLERTON, J.—The respondent brought this action for a divorce, basing her cause of action upon the

[1]Reported in 214 Pac. 159.

grounds of desertion and nonsupport. The appellant, in his answer, denied these allegations and filed a cross-complaint asking for a decree in his favor upon the grounds of adultery. From a judgment awarding respondent a divorce, awarding to her the custody of the minor child of the parties, and $25 monthly alimony, this appeal is prosecuted.

The parties were married at Everett on June 26, 1919, and went to the home of appellant's parents in Snohomish county to live. At some date between August 18th and 25th of the same year, respondent, at the request of appellant's parents, left their home and went to Everett, appellant promising to join her. This he failed to do, but, through the intervention of the prosecuting attorney of Snohomish county and later of King county, was compelled to contribute to her support. Following the birth of the child, he refused to contribute further, claiming that he was not the father of the child.

The respondent produced abundant evidence to support the charges made in her complaint. The appellant, in the court below and again in this court, based his entire cause for relief upon the claim that the child was born some 336 days from the time the parties ceased to cohabit, and from this argues that this period is so greatly in excess of the ordinary period of gestation as to conclusively establish the fact that the respondent was guilty of adultery at some time after separation from him.

No principle of law is more firmly established than the principle that every child born in wedlock is presumed to be legitimate. 7 Corpus Juris 940; 3 R. C. L. 726; *Powell v. State ex rel. Fowler,* 84 Ohio St. 165, 95 N. E. 660, 36 L. R. A. (N. S.) 255; *Canaan v. Avery,* 72 N. H. 591, 58 Atl. 509; *Gordon v. Gordon,* (1903) 89

Law T. (N. S.) 73; *Cope v. Cope,* 1 Moody and R. 269; *Van Aernam v. Van Aernam,* 1 Barb. Ch. (N. Y.) 375. In 7 C. J. 940, it is said:

"The presumption of the fact of legitimacy is one of the strongest known to the law, and it cannot be overthrown except by evidence which is stronger."

In some jurisdictions the old common and civil law rule that such a presumption is conclusive is followed, but perhaps the better rule is that the presumption of legitimacy is rebuttable. *Powell v. State ex rel. Fowler,* 84 Ohio St. 165, 95 N. E. 660, 36 L. R. A. (N. S.) 255, and cases discussed in note.

The record in the case is entirely barren of evidence of misconduct on the part of respondent subsequent to the separation of the parties, nor is there any evidence that conclusively establishes that there was no intercourse between them after the wife left the home of her husband's parents. Conceding, however, that there had been none, we are not willing to say, as a matter of law, that the period elapsing between that date and the date of the birth of the child is so far excessive as to conclusively show illegitimacy. The medical authorities on the subject, cited in the arguments of counsel, disclose that, while such an extended period is exceedingly rare, yet there are well authenticated cases of even longer periods.

A court will not by its judgment brand an innocent child with the bar sinister unless the record is so far conclusive as to leave room for no other course. The present record is not thus conclusive, and our order will be that the judgment of the court below stand affirmed.

MAIN, C. J., PARKER, TOLMAN, and PEMBERTON, JJ., concur.