[No. 41680.    En Banc.    July 8, 1971.]

THE STATE OF WASHINGTON, *Appellant,* v. ALBERT AMOUS
TUCKER, JR., *Respondent.*

*Charles O. Carroll, Prosecuting Attorney,* and *Christopher J. Bell, Deputy,* for appellant.

*Monheimer, Schermer, Van Fredenberg & Smith,* by *V. L. Evans,* for respondent.

WRIGHT, J.—This is a filiation proceeding. Beverly Ann Barrett, a married woman, gave birth on April 20, 1969, to a child whom she named Albert Amous Tucker, III, alleging respondent was the father. On February 11, 1970, this action was instituted in the Seattle District Justice Court. Hearings were held on March 9, 1970, and May 11, 1970. On June 19, 1970, the matter was bound over to superior court.

A motion to dismiss was argued on July 14, 1970. On July 24, 1970, an order of dismissal was entered, from which this appeal was taken.

This action was instituted under the provisions of RCW 26.24.010 which reads:

When an unmarried woman shall be pregnant or delivered of a child which shall not be the issue of lawful wedlock, complaint may be made in writing by said un-

married woman, her father, mother or guardian, to any justice of the peace in the county of which she has been a resident for thirty days last past and where she may be so pregnant or delivered, or where the person accused may be found, accusing, under oath, a person with being the father of such child, and it shall be the duty of such justice forthwith to issue a warrant against the person so accused and cause him to be brought forthwith before such justice.

The statute requires the complainant to be an *unmarried woman,* and the complaint in writing must be made, "by said *unmarried woman.*" (Italics ours.) Thus, the words *unmarried woman* are used twice.

Complainant was not an unmarried woman at the time of conception, at the time of the birth of the child, or at the date of institution of this action.

The language of the statute is clear. There is no room for construction of a statute which is clear. *Burdick v. Kimball,* 53 Wash. 198, 101 P. 845 (1909); *King County v. Seattle,* 70 Wn.2d 988, 425 P.2d 887 (1967); *State ex rel. Tarver v. Smith,* 78 Wn.2d 152, 470 P.2d 172 (1970). This is true even if policy considerations are urged as favoring a different construction. *State v. Miller,* 72 Wash. 154, 129 P. 1100 (1913); *State ex rel. Hagan v. Chinook Hotel, Inc.,* 65 Wn.2d 573, 399 P.2d 8 (1965).

The appellant contends RCW 26.24.010 violates the equal protection clauses of the federal and state constitutions, by providing relief only to unmarried women. This action is statutory. If the statute were void (which it is not), this action would have to be dismissed.

The statute is valid. The classification as between unmarried women and others is a proper classification. The presumption that a child of a married woman was ligitimate was very strong in 1919 when RCW 26.24.010 was enacted and still is the law. *Pierson v. Pierson,* 124 Wash. 319, 214 P. 159 (1923); *Stone v. Stone,* 76 Wn.2d 586, 458 P.2d 183 (1969). Furthermore, another remedy, RCW 26.20.030, is available to all and reads in material part as follows:

(1) Every person who:

(a)   Has a child dependent upon him or her for care, education or support and deserts such child in any manner whatever with intent to abandon it; or

(b)   Wilfully omits, without lawful excuse, to furnish necessary food, clothing, shelter, or medical attendance for his or her child or stepchild or children or stepchildren or ward or wards:   .   .   .

(c)   .   .   .   shall be guilty of the crime of family desertion or nonsupport.

The judgment of dismissal is affirmed.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., and RYAN, J. Pro Tem., concur.