[No. 899-2.    Division Two.    June 20, 1973.]

GERALD J. RIPPLINGER, *Respondent*, v. HELEN JAN RIPPLINGER, *Appellant*.

Robert M. Reynolds, for appellant.

Ralph G. Turco and Turco & Erickson, for respondent.

PETRIE, J.—The plaintiff, Gerald J. Ripplinger, and the defendant, Helen Jan Ripplinger, were divorced on October 2, 1972. Defendant appeals from that portion of the divorce decree denying her support payments for a child born during the marriage of the parties. All of the defendant's assignments of error are directed to the finding by the trial court that the plaintiff was not the natural father of the child born during the marriage of the parties.

The evidence shows without contradiction that the Ripplingers were married to each other on July 3, 1969. One child was born during the term of the marriage. He was born on March 3, 1970—exactly 8 months from the date of marriage. The parties separated in September, 1970, with the wife moving to Montana and the husband remaining in Tacoma. Mrs. Ripplinger has maintained custody of the child at all times since this separation.

At trial, the only matter in controversy was the parentage of the child. Mrs. Ripplinger was not present at any stage of the proceedings but at all times appeared through

her attorney. The only evidence introduced on the issue of paternity was the testimony of the plaintiff and Leona Dunlap, a longtime friend and former neighbor of the plaintiff.

Mr. Ripplinger testified that he had known the defendant only about 3 or 4 weeks before they were married. He admitted inferentially having sexual relations with her prior to their marriage and acknowledged that he didn't know whether or not he was the father of her child. He stated that he was aware the defendant was pregnant at the time he married her but could not be sure that he was the father because "there was a couple of other guys messing around with her before I met her." He denied that his wife had ever made a statement to him regarding the paternity of the child. Mrs. Dunlap testified that Mrs. Ripplinger has casually commented to her during the summer of 1970 that the plaintiff was not the father of the child.

Based upon this testimony, together with the inference occasioned by the absence of the wife at trial (*see Merrill v. John B. Stevens & Co.,* 61 Wash. 28, 112 P. 353 (1910)), the court concluded that the presumption of legitimacy had been overcome. The issue before us is whether or not there is substantial evidence to support the finding of the trial court that plaintiff is not the father of the child. The wife argues that the evidence adduced and set forth by the court in its findings was insufficient to rebut the presumption that the plaintiff is the father of the child. We agree.

Every child born during a marriage is presumed to be legitimate. *Pierson v. Pierson,* 124 Wash. 319, 214 P. 159 (1923). This presumption is one of the strongest known to the law, and a heavy burden is placed upon the person seeking to rebut it. *In re a Minor,* 29 Wn.2d 759, 189 P.2d 458 (1948).

The quantum of evidence required to overcome the presumption of legitimacy, though variously stated, is clear. The rule in this state, last enunciated in *Stone v. Stone,* 76 Wn.2d 586, 588, 458 P.2d 183 (1969), is that the evidence should be "so strong and irresistible that no other conclu-

sion can reasonably be made." The categories of evidence deemed sufficient to rebut the presumption are (1) the husband was impotent; (2) the husband was entirely absent during the period of time in which the child was conceived; or (3) *the circumstances were such as to render it impossible that he could be the father of the child.* 10 C.J.S. *Bastards* § 3 (1938); Annot., 128 A.L.R. 713 (1940); C. Torcia, *Wharton's Criminal Evidence* § 108 (13th ed. 1972); Annot., 57 A.L.R.2d 729 (1958); H. Clark, *Law of Domestic Relations,* 172-73 (1968).

A review of the record before us convinces us that the plaintiff has failed to carry the heavy burden placed upon him by the presumption of legitimacy. There is no evidence that he was impotent or otherwise incapable of fathering a child. There is no showing of nonaccess during the period of conception—in fact, there is direct testimony by the plaintiff himself that he did have access to the defendant during this time together with an admission that he could be the father.

The only evidence tending to refute the presumption was the testimony by the plaintiff that his wife had had sexual relations with others prior to his having met her; and the statement attributed to, and undenied by, the wife that her husband was not the father. This evidence falls short of being "so strong and irresistible that no other conclusion can reasonably be made." Under such circumstances we conclude, as a matter of law, that there was insufficient evidence to overcome the presumption of legitimacy.

It follows, therefore, that the order of the trial court providing that the child in question is not the child of the plaintiff and further providing that plaintiff is not required to pay support therefor, is reversed and remanded for disposition consistent with this opinion.

Reversed and remanded.

PEARSON, C.J., and ARMSTRONG, J., concur.