[No. 14773-1-I.   Division One.   August 26, 1985.]

*In the Matter of* ANDREY ZIV DOMBROWSKI.

JOHN E. DOMBROWSKI, *Appellant,* v. CHEE GOODRIGHT, *Respondent.*

*Hennings, Maltman, Weber & Reed* and *Douglass A. North,* appellant.

*Levy S. Johnston,* for respondent.

*Robert Casteel,* as guardian ad litem.

WEBSTER, J.— Petitioner John E. Dombrowski and respondent Chee Goodright lived together several months before and several months following the birth of Andrey Ziv Dombrowski to Goodright on February 19, 1980. After Goodright moved out, Dombrowski filed for custody as a parent of Andrey under RCW 26.09.180. When blood tests showed that he was not the father, the court dismissed his petition and refused to allow him to amend his pleadings to file as a nonparent. Custody was awarded to the child's mother. The issues on appeal are whether the trial court erred in concluding that Dombrowski does not have standing to seek custody, and whether the court properly ordered Dombrowski to pay the fees of the guardian ad litem.

## FACTS

Dombrowski was present at Andrey's birth and is named as the father on Andrey's birth certificate. Both he and Goodright signed an affidavit of paternity for the Department of Social and Health Services. While they lived together, Dombrowski worked in the evenings and would care for Andrey while Goodright worked during the day.

In 1981, Goodright and Dombrowski separated. Goodright placed Andrey temporarily with Dombrowski's mother while she looked for a place to live. Dombrowski then filed a petition for custody as a parent, but Goodright responded that Dombrowski was not Andrey's father and requested blood tests to establish the child's paternity. A court appointed guardian ad litem for Andrey reported to the

court that Dombrowski had always acted as the child's father and that both Goodright and Dombrowski had taught Andrey that Dombrowski was his father. As Goodright was and remains unwilling to name the natural father, the guardian concluded that "Mr. Dombrowski is, and has been, a responsible and caring father since Andrey's birth, and the results of a paternity blood test could only hurt the child, possibly decreasing Mr. Dombrowski's opportunity to be a father to Andrey."

Nevertheless, the court ordered blood tests, which proved Dombrowski was not Andrey's natural father. The court granted Goodright's subsequent motion to dismiss and denied Dombrowski's request to amend his petition to file for custody as a nonparent. A judgment was entered giving custody of Andrey to Goodright, and further ordering that although Dombrowski had no legal rights with regard to Andrey, he would be granted reasonable visitation with the child. The court found that Dombrowski and Andrey "have a feeling of warm affection toward each other, which relationship is recognized by Chee Goodright as being presently beneficial to the child." Dombrowski continues to maintain his relationship with Andrey and to take advantage of visitation privileges.

The court denied Dombrowski's motion for reconsideration and held "as a matter of law, that JOHN DOMBROWSKI has no standing to bring an action for custody of ANDREY ZIV DOMBROWSKI under the provisions of RCW 26.09.180."

## STANDING

We first consider whether the court erred in concluding that Dombrowski has no standing to seek custody of Andrey. Under RCW 26.09.180(1)(a), a child custody proceeding may be commenced by a *parent* filing a dissolution petition or a petition seeking custody of the child. Under subsection (1)(b) of the statute, a custody proceeding may be commenced

By a person *other than a parent,* by filing a petition seeking custody of the child . . . but only if the child is

not in the physical custody of one of its parents *or* if the petitioner alleges that neither parent is a suitable custodian.

(Italics ours.)

Dombrowski has no standing under subsection (1)(a) of the statute as he is not a parent. The presumption of paternity, established by the child's birth certificate and the affidavit of paternity, was rebutted by the blood test. *See In re Marriage of Hardt,* 39 Wn. App. 493, 498, 693 P.2d 1386 (1985). As Dombrowski points out, in *In re Marriage of Allen,* 28 Wn. App. 637, 626 P.2d 16 (1981), the court held that a stepparent standing in loco parentis may file for child custody as a parent under RCW 26.09-.180(1)(a). We are reluctant to extend that holding to live–in companions in the face of the clear statutory distinction between parent and nonparent. Furthermore, the *Allen* court also based its decision on the theory that the stepparent had properly petitioned as a nonparent. The court held that by its finding of parental unsuitability, the trial court had inferentially deemed the pleadings amended by the proof. 28 Wn. App. at 643. Thus, *Allen* does not call for the conclusion that Dombrowski has standing as a parent.

■ As Dombrowski lacks standing under subsection (1)(a), the question becomes whether he has standing to seek custody as a nonparent under subsection (1)(b) of the statute. The court denied Dombrowski's request for permission to amend his pleadings to add the allegations necessary under subsection (1)(b). The trial judge apparently believed that by "person other than a parent" the Legislature meant only stepparents and blood relatives. However, there is no indication of such a limitation in either Washington statutory or case law. Courts cannot read into a statute words which are not there. *Coughlin v. Seattle,* 18 Wn. App. 285, 289, 567 P.2d 262 (1977).

The Legislature's decision to allow custody petitions by nonparents is supported by the Washington court's recognition that "kinship is not as important as stability of

environment and care and attention to the child's needs." *In re Aschauer,* 93 Wn.2d 689, 698 n.5, 611 P.2d 1245 (1980). At the same time, protection of parental rights is built into RCW Title 26 in the form of the threshold allegations required of a nonparent and the statutory factors, including the wishes of the parents, which the court must consider prior to awarding custody. RCW 26.09.180, .190. The *Allen* court held that a nonparent must show "actual detriment to the child" when seeking custody against a parent. *In re Marriage of Allen, supra* at 649.

■ The trial court erred in concluding that Dombrowski does not have standing under RCW 26.09.180(1)(b) and in denying him leave to amend his pleadings to add allegations necessary under the statute. Leave to amend "shall be freely given when justice so requires." CR 15(a). Here, Andrey's real father remains unknown to all but Goodright, and Dombrowski is the only father Andrey has ever known. The guardian ad litem and the court recognized that the relationship between Dombrowski and Andrey was beneficial to the child. Dombrowski states that until he learned of the blood test results, he was unaware that he was not Andrey's father. We hold that justice requires Dombrowski be permitted to amend his pleadings. There is evidence on the record that Dombrowski may be able to prove the necessary allegations.

### GUARDIAN AD LITEM FEES

■ RCW 26.09.140 authorizes the trial court to order one party to pay professional fees incurred in a custody proceeding, but only "after considering the financial resources of both parties". The court must consider the financial needs of both parties as well as their ability to pay. *In re Melville,* 11 Wn. App. 879, 526 P.2d 1228 (1974). There is no indication in the record that the trial court considered either the financial resources or needs of Goodright and Dombrowski. Thus, it improperly ordered Dombrowski to pay the fees of the guardian ad litem.

We reverse and remand for further proceedings in accordance with this opinion.

CORBETT, C.J., and SCHOLFIELD, J., concur.