[No. 38883-9-II.   Division Two.   January 7, 2010.]

*In the Matter of the Parentage of* S.E.C.

V.A.H., *Respondent*, T.D., *Petitioner*.

*John S. Mills* (of *Law Offices of David Smith PLLC*), for petitioner.

*Fred M. Misner*, for respondent.

¶1 BRIDGEWATER, J. — TD appeals a trial court order requiring TD and SEC to submit to deoxyribonucleic acid (DNA) testing as part of a parentage action filed by VH. We hold that in this case where there is a presumptive father, the trial court must first hold a hearing to determine if DNA testing is in SEC's best interests. We reverse and remand with instructions to hold a hearing concerning the best interests of the child before ordering DNA testing.

## FACTS

¶2 SEC was born to GC while she was married to TD. VH claims to be SEC's biological father, even though SEC has resided with TD since 2004. VH filed a parentage petition in 2004, which the trial court initially dismissed under RCW 26.26.530(2) because TD was the presumed father and there was no factual dispute that he openly treated SEC as his own child.[1] VH appealed and we reversed, holding that the two-year statute of limitations for parentage petitions, RCW 26.26.530(1), did not begin to run until the statute's enactment in June 2002. *In*

---

[1] RCW 26.26.530(2) permits a proceeding to disprove the father-child relationship if the court determines that (a) the presumed father and mother never cohabitated or engaged in sexual intercourse during the time of conception and (b) the presumed father never openly treated the child as his own.

*re Parentage of S.E.C.*, noted at 139 Wn. App. 1012, 2007 WL 1677960, 2007 Wash. App. LEXIS 1504. We remanded the case to the trial court to determine whether continuing VH's parentage petition was in SEC's best interests. *In re Parentage of S.E.C.*, 2007 WL 1677960, at *4, 2007 Wash. App. LEXIS 1504, at *10.

¶3 On remand, the trial court ordered the appointment of a new guardian ad litem to determine whether further proceedings would serve SEC's best interests. The trial court also ordered the parties and SEC to "promptly submit to DNA testing." Clerk's Papers (CP) at 113 (capitalization omitted). VH submitted to DNA testing, but TD and SEC did not.

¶4 On February 13, 2009, a different trial court judge heard VH's motion for contempt against TD for failing to submit to DNA testing. TD argued that under *In re Marriage of T.*, 68 Wn. App. 329, 842 P.2d 1010 (1993), he did not have to submit to paternity testing until after the trial court determined that proceeding with the paternity suit was in SEC's best interests. The trial court ordered TD and SEC to submit to DNA testing within 10 working days of the order's entry and that all DNA results be kept under seal. The trial court found that "[t]he court needs to have paternity established so that it may have that information as it considers the nature and extent of further proceedings, including trial." CP at 123. Our commissioner granted discretionary review.

## ANALYSIS

¶5 TD argues that the trial court erred by ordering him and SEC to submit to a DNA test before holding a hearing to determine if such a test was in SEC's best interests.

¶6 A man is the presumed father if, among other scenarios, he and the child's mother were married when the child was born. RCW 26.26.116(1)(a). Washington courts have recognized that "in some circumstances the rights of the child will be better served by maintaining a stable

family relationship than by allowing a paternity action." *McDaniels v. Carlson*, 108 Wn.2d 299, 311, 738 P.2d 254 (1987). To that end, a person's ability to rebut the paternity presumption is limited. RCW 26.26.116(2). A proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained at any time if the court determines that (a) the presumed father and mother of the child neither cohabitated nor engaged in sexual intercourse with each other during the probable time of conception and (b) the presumed father never openly treated the child as his own. RCW 26.26.530(2)(a), (b).

¶7 RCW 26.26.535's plain language requires an evidentiary hearing before ordering a DNA test. We review questions of law, including statutory construction, de novo. *City of Pasco v. Pub. Emp't Relations Comm'n*, 119 Wn.2d 504, 507, 833 P.2d 381 (1992). If a statute's plain language is subject to only one interpretation, our inquiry ends because plain language does not require construction. *State v. Armendariz*, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Such is the case here.

¶8 In a proceeding to adjudicate parentage, the trial court may deny genetic testing of the mother, child, and presumed father if the trial court determines that (a) the mother or presumed father's conduct estops that party from denying parentage and (b) it would be inequitable to disprove the father-child relationship between the child and the presumed father. RCW 26.26.535(1)(a), (b). In determining whether to deny genetic testing, the child's best interests are the court's paramount concern. RCW 26.26.535(2); *In re Marriage of Thier*, 67 Wn. App. 940, 945, 841 P.2d 794 (1992), *review denied*, 121 Wn.2d 1021 (1993). In determining the child's best interests, the trial court must consider the factors enumerated in RCW 26.26.535(2).

¶9 Thus, before a trial court can rule on a motion for genetic testing, it must consider several enumerated factors and determine whether proceeding is in the child's best interests. By the statute's plain language, a trial court

cannot order genetic testing until it holds a hearing on the child's best interests. This interpretation of RCW 26.26.535 is consistent with case law as well. Where there is a presumptive father who is willing to assume parental responsibilities, a trial court must hold a hearing to determine if DNA testing is in the child's best interests. *In re Marriage of T.*, 68 Wn. App. at 336-37.

¶10 Here, TD is the presumed father of SEC. RCW 26.26.116(1)(a). He is actively seeking to preserve his parental rights to SEC and has resisted efforts to disestablish his paternity. Accordingly, we hold that the trial court should have first held a hearing to determine if DNA testing and proceeding with VH's paternity petition are in SEC's best interests before it ordered TD and SEC to undergo DNA testing. *See also In re Parentage of Q.A.L.*, 146 Wn. App. 631, 637, 191 P.3d 934 (2008) (guardian ad litem must make a recommendation on child's best interests before the trial court proceeds with a DNA test or paternity petition). The trial court's order for DNA testing does not comply with our earlier opinion that ordered it to determine SEC's best interests and to hold "any further proceedings on [VH's] petition." *In re Parentage of S.E.C.*, 2007 WL 1677960, at *4, 2007 Wash. App. LEXIS 1504, at *10. Our instructions plainly required the best interests hearing before any other proceedings. Even though the trial court was trying to avoid any untoward consequences and even though the results would be under seal, the parties would still know the results—thus violating the statute's intent. We hold that the trial court erred by ordering genetic testing before holding a hearing on SEC's best interests.

¶11 VH contends that TD's appeal is untimely because he failed to seek review of an earlier order requiring DNA testing. A party must file a notice of appeal within 30 days after the act of the trial court the party wants reviewed. RAP 5.2(a). The trial court entered the order requiring TD to submit to a DNA test on February 13, 2009, and he filed his motion for discretionary review from that order on February 19, 2009. TD has timely appealed the

trial court's February 13, 2009 order. VH does not cite any authority supporting his claim that earlier orders invalidate a party's ability to petition for review of subsequent orders. We hold that VH has waived this argument. *See* RAP 10.3(a)(6); *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004) (without supporting authority, a party waives an assignment of error (citing *Smith v. King*, 106 Wn.2d 443, 451-52, 722 P.2d 796 (1986))).[2]

¶12 We reverse and vacate the court's order requiring DNA testing before holding a hearing on SEC's best interests. We specifically direct that the court hold the best interest hearing and then order other proceedings if necessary.

VAN DEREN, C.J., and HOUGHTON, J., concur.

---

[2] VH's request for attorney fees fails because he is not the prevailing party.