IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Marriage of: | ) | No. 31600-9-III |
| | ) | |
| DARRYL A. ROBINSON, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| SHEA A. ROBINSON, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, A.C.J. — Mr. Darryl Robinson and Ms. Shea Robinson had a daughter in 2009 and were married in 2011. Following their dissolution in 2013, the court entered a final parenting plan, restricting Mr. Robinson's visitation based on a history of domestic violence. The court ordered Mr. Robinson to pay the remaining guardian ad litem (GAL) fees and Ms. Robinson's attorney fees. Mr. Robinson appeals, contending substantial evidence does not exist to support a finding of domestic violence. Mr. Robinson further argues the court erred in ordering him to pay GAL fees and Ms. Robinson's attorney fees. We affirm, but remand for findings to support the attorney fee award.

## FACTS

The Robinsons began dating in January 2009. At that time, Ms. Robinson had one child from a prior relationship. On December 31, 2009, Ms. Robinson gave birth to the parties' daughter. The parties were married in September 2011 and separated approximately six months later.

In March 2012, there was an incident where the parties argued and Ms. Robinson sustained a cut lip. She called the police. Mr. Robinson was arrested and charged with assault (domestic violence). He claims he put his hands up to defend himself and Ms. Robinson's lip hit his hand. The charge was dismissed after Mr. Robinson pleaded guilty to violation of a prior domestic violence – no-contact order.

The court ordered a temporary parenting plan where both parties shared almost equal time with the child, but Ms. Robinson was designated the primary custodian. Included in the order was a provision requiring the father to "complete a domestic violence perpetrator's assessment with Sean Smitham." Clerk's Papers (CP) at 37.

The court appointed Mary Ronnestad as the GAL for the child. At the dissolution hearing, Ms. Ronnestad testified she had reviewed a number of records involving the parties, including Child Protective Services' records and police reports. The GAL testified that she interviewed Mr. Robinson regarding the March 2012 incident and he denied guilt. Ms. Ronnestad testified Ms. Robinson reported being choked, pushed and pulled by Mr. Robinson prior to the March 2012 incident and that Ms. Robinson was afraid while living with Mr. Robinson. The GAL further testified that Mr. Robinson's

2

previous wife had reported a history of drug and alcohol abuse, as well as emotional, mental and physical abuse by Mr. Robinson. The GAL testified about her concerns regarding the temporary parenting plan and recommended a new parenting plan.

At the dissolution hearing, Ms. Robinson testified about verbal and physical abuse by Mr. Robinson, both before and during the parties' marriage. She recounted a January 2012 incident where she was pushed to the ground and later went to the emergency room for her injuries. She further testified that she feared Mr. Robinson.

The court dissolved the parties' marriage and entered a final parenting plan in which the court limited Mr. Robinson's residential time with the child to two days a week, and ordered that mutual decision-making shall not be required based on "[a] history of acts of domestic violence as defined in RCW 26.50.010(1) . . . which causes grievous bodily harm or the fear of such harm." CP at 77. The court also ordered Mr. Robinson to pay "the remainder of the fees owing to the guardian ad litem" and $3,500 towards Ms. Robinson's attorney fees and costs. CP at 108. To support the attorney fee award, the court minimally found 'the husband has the ability to assist [Ms. Robinson] in paying those fees." CP at 108 (Finding of Fact 15). Mr. Robinson appeals.

## ANALYSIS

### A. Limitation on Residential Time

The issue is whether the trial court erred by abusing its discretion in limiting Mr. Robinson's residential time. Mr. Robinson argues substantial evidence does not exist to show a history of domestic violence.

In determining a parenting plan, the trial court exercises broad discretion. *In re Marriage of Kovacs*, 121 Wn.2d 795, 801, 854 P.2d 629 (1993). A trial court's decision regarding visitation will not be overturned absent abuse of discretion. *In re Marriage of Rich*, 80 Wn. App. 252, 258, 907 P.2d 1234 (1996). Discretion is abused if manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Ricketts*, 111 Wn. App. 168, 171, 43 P.3d 1258 (2002). Because limitations on visitation are part of the parenting plan, this court reviews them for abuse of discretion. *In re Marriage of Littlefield*, 133 Wn.2d 39, 46, 940 P.2d 1362 (1997). We uphold the trial court's findings if supported by "substantial evidence." *In re Marriage of McDole*, 122 Wn.2d 604, 610, 859 P.2d 1239 (1993). Substantial evidence is evidence sufficient to persuade a fair-minded, rational person of the truth of the finding. *Douglas v. Visser*, 173 Wn. App. 823, 829, 295 P.3d 800 (2013).

In its parenting plan, the trial court limited Mr. Robinson's residential time and did not require mutual decision-making based on a finding of "[a] history of acts of domestic violence as defined in RCW 26.50.010(1)." CP at 77. Pertinent to this appeal, RCW 26.50.010(1) defines "'domestic violence'" as "[p]hysical harm, bodily injury, assault, or the infliction of fear of imminent physical harm, bodily injury or assault, between family or household members."

Under RCW 26.09.191(2)(a), a parent's residential time shall be limited if the parent is found to have engaged in certain conduct. RCW 26.09.191(2)(a)(iii) provides that such conduct includes "a history of acts of domestic violence as defined in RCW

4

26.50.010(1)." Our record shows a domestic violence incident in March 2012, resulting in a plea to violation of a no-contact order. As part of the plea, Mr. Robinson was sentenced to probation. In exchange, the State dismissed the assault charge.

At trial, Ms. Robinson testified to a history of domestic violence that occurred during the parties' relationship. Ms. Robinson testified to being choked, pushed, thrown, shoved, and punched. Ms. Robinson testified she had a continuing fear of being stalked and physically hurt by Mr. Robinson. Ms. Robinson testified about an emergency room visit due to physical injuries she received allegedly by Mr. Robinson. The GAL interviewed both parties, interviewed family members and other witnesses, reviewed the psychological report of Mr. Robinson by Dr. Smitham, and reviewed other reports, including CPS and police records. Based on her investigation, the GAL concluded there was a history of domestic violence committed by Mr. Robinson.

Based on the above, a fair-minded, rational person could be persuaded there was a history of domestic violence as defined in RCW 26.50.010(1) by Mr. Robinson. Thus, substantial evidence supports the court's findings. This finding provides tenable ground to limit Mr. Robinson's residential time with his daughter and mutual decision-making. The trial court did not abuse its discretion.[1]

---

[1] Mr. Robinson argues the court abused its discretion in ordering him to complete a domestic violence perpetrator program. *See* Br. of Appellant at 12; CP at 80. He, however, fails to assign error to this issue as required by RAP 10.3(a)(4). Nevertheless, based on the above conclusion that substantial evidence shows a history of domestic violence, the court had tenable grounds to order completion of the program.

## B. GAL Fees

The issue is whether the trial court erred by ordering Mr. Robinson to pay the remaining GAL fees. He contends the court failed to provide a basis for the order.

In a custody action, the court has discretion to award fees to a GAL. *In re Marriage of T.*, 68 Wn. App. 329, 334, 842 P.2d 1010 (1993). We review the reasonableness of a trial court's order to pay fees for an abuse of discretion. *Boeing Co. v. Heidy*, 147 Wn.2d 78, 90, 51 P.3d 793 (2002). An abuse of discretion occurs when the court's decision is manifestly unreasonable or based on untenable grounds. *In re Marriage of Ricketts*, 111 Wn. App. at 171.

The evidence in our record shows Mr. Robinson is a government employee and has an approximate gross monthly income of $4,500. Ms. Robinson is a social worker who has an approximate gross monthly income of $2,500. Our record shows Ms. Robinson already paid $900 to the GAL and that the parties agreed to split the GAL fees. Thus, based on the parties' incomes, their agreement to split GAL fees, and evidence that Ms. Robinson already paid $900, the trial court had tenable grounds to order Mr. Robinson to pay the "remainder of the fees." CP at 108. Mr. Robinson argues the court was required to set forth with specificity the amount owing, but fails to provide legal authority to support his assertion. *See* RAP 10.3(a)(6) (party is required to provide citation to applicable legal authority in support of assignments of error). Given all, we conclude the court's order was sufficient.

6

### C. Attorney Fees

The issue is whether the trial court erred in awarding Ms. Robinson her attorney fees below. Mr. Robinson argues substantial evidence does not support the award.

Case law is well established that "[a]n award of attorney fees rests within the sound discretion of the trial court, which must balance the needs of the spouse requesting the fees with the ability of the other spouse to pay." *In re Marriage of Mathews*, 70 Wn. App. 116, 125, 853 P.2d 462 (1993); RCW 26.09.140. A party challenging the trial court's decision to award attorney fees "bears the burden of proving the trial court exercised its discretion in a way that was 'clearly untenable or manifestly unreasonable.'" *In re Marriage of Crosetto*, 82 Wn. App. 545, 563, 918 P.2d 954 (1996) (quoting *In re Marriage of Knight*, 75 Wn. App. 721, 729, 880 P.2d 71 (1994)).

As discussed above, Mr. Robinson is employed and has an approximate gross monthly income of $4,500. Ms. Robinson is employed and has an approximate gross monthly income of $2,500. Our record shows Ms. Robinson incurred approximately $7,500 to $8,000 in fees. Mr. Robinson was ordered to pay $3,500 of those expenses. Based on these facts, it would appear Ms. Robinson had the need and Mr. Robinson had the ability to pay to establish tenable grounds for an attorney fee award. But because our record does not contain a sufficient written record of the trial court's reasoning, we remand for entry of the necessary findings in support of the attorney fee award. *See Mahler v. Szucs,* 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998)

7

(A trial court must sufficiently explain the basis for its fee award to permit appellate review.).

Next, both parties request attorney fees on appeal. Mr. Robinson cites RCW 26.09.140, but Ms. Robinson fails to support her request with argument or authority. Accordingly, we have been provided no basis to award attorney fees or costs to her. *See Phillips Bldg. Co. v. An*, 81 Wn. App. 696, 705, 915 P.2d 1146 (1996) (a party seeking attorney fees and costs is required by RAP 18.1(b) to provide argument and citation to authority to establish that the expenses are warranted). Turning to Mr. Robinson's request, under RCW 26.09.140, this court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal, including attorney fees, in addition to statutory costs. This provision gives the court discretion to award attorney fees to either party based on the parties' financial resources, balancing the financial need of the requesting party against the other party's ability to pay. *In re Marriage of Pennamen*, 135 Wn. App. 790, 807-08, 146 P.3d 466 (2006). Under RAP 18.1(c), the parties had until 10 days prior to the date this appeal was set on the docket to file their affidavits. Mr. Robinson's financial affidavit was submitted, but Ms. Robinson's was not. Without compliance with RAP 18.1(c), this court cannot assess Ms. Robinson's financial need and ability to pay. Thus, attorney fees on appeal are denied.

No. 31600-9-III
*In re Marriage of Robinson*

Affirmed and remanded for entry of attorney fee findings.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Brown, A.C.J.

WE CONCUR:

Korsmo, J.

Fearing, J.

9