IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parenting and Support of | ) ) ) | No. 31365-4-III |
| D.W.L. | ) ) | |
| Child, | ) ) | |
| JAMIE STILLMAN, | ) ) | UNPUBLISHED OPINION |
| Respondent, | ) ) | |
| and | ) ) | |
| DOUGLAS C. LEE, | ) ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — Douglas Lee appeals the trial court's orders setting

child support and requiring him to pay part of Jamie Stillman's attorney fees. He argues

that the trial court erred when it refused to consider his 2010 and 2011 federal tax returns

submitted after trial. He also argues Ms. Stillman's intransigence precludes the partial

attorney fee award. We disagree, award Ms. Stillman her attorney fees on appeal, and

affirm.

## FACTS AND PROCEDURE

Mr. Lee and Ms. Stillman are the parents of D.L., who was born in June 2006. Prior to and after the pregnancy, the couple lived apart—Mr. Lee in Los Angeles, and Ms. Stillman in Spokane. The couple ended their relationship in either 2007 or 2008. In October 2010, Mr. Lee returned to Spokane and began to work as a journeyman lineman in November 2010. Ms. Stillman worked as a licensed practical nurse and took classes toward her associate's degree in nursing.

### A. *Proposed parenting plans and declarations*

On December 10, 2010, Ms. Stillman filed a petition pursuant to Washington's Uniform Parentage Act, chapter 26.26 RCW, to establish child support and a parenting plan for D.L. Ms. Stillman included a proposed parenting plan for D.L. that provided for supervised visitation with Mr. Lee but sought to restrict contact based on factors set forth in RCW 26.09.191. Mr. Lee responded through counsel and asked the trial court to deny Ms. Stillman's petition. Ms. Stillman retained Bryan Geissler as counsel. Through counsel, Ms. Stillman filed an amended proposed parenting plan that listed additional bases for restricting contact, filed a declaration in support of her proposed restrictions, and sent Mr. Lee discovery questions that requested Mr. Lee's tax returns, W-2s, and pay stubs to verify his income.

2

On April 4, 2011, Mr. Lee filed a declaration contesting most of the facts in Ms. Stillman's declaration. Mr. Lee also filed a proposed parenting plan, which proposed Wednesday and Sunday visits. Mr. Lee moved the trial court to approve his parenting plan and noted a hearing for April 27. Mr. Lee never responded to Ms. Stillman's discovery requests.

Ms. Stillman filed a response declaration contesting facts in Mr. Lee's declaration. Ms. Stillman also asked for all visits between D.L. and Mr. Lee to initially occur at a therapist's office. Ms. Stillman's mother, brother, and friend also filed declarations contesting facts in Mr. Lee's declaration. Mr. Lee filed a reply declaration contesting many of those facts.

B.     *The court commissioner's visitation order and motions relating thereto*

On April 27, 2011, the court commissioner signed a temporary order adopting Mr. Lee's proposed parenting plan, which was conditioned on several weeks of successful supervised visitation. The commissioner ordered the first two visits between Mr. Lee and D.L. to occur with a family counselor, and the next two visits to occur at Fulcrum, a family-oriented dispute resolution facility. The court ordered the two family counselor visits to be spread out over two weeks, with one visit per week, and both Fulcrum visits to occur the third week. If the therapists did not identify any problems, then regular

visitation would start on the fourth week and Mr. Lee's proposed parenting plan would be adopted as a temporary order.

Immediately after the commissioner entered the order, Mr. Lee's attorney arranged a visitation with the therapist the next day, April 28, at 6:00 p.m. That night, Mr. Lee's attorney sent Ms. Stillman's attorney a text message about the scheduled visit, and Mr. Lee personally called Ms. Stillman the next morning. Neither Ms. Stillman nor her attorney responded. On April 28, Mr. Lee moved to compel compliance with the visitation order and to shorten time so the matter could be heard that day. At the expedited hearing, the parties acknowledged they had different understandings of what the court meant when it ruled the first visit was to occur "within a week." Clerk's Papers (CP) at 94. Ms. Stillman's attorney assured the court the first visit would occur inside the seven-day period following its April 27 order. The commissioner denied Mr. Lee's motion without prejudice.

After the hearing, Ms. Stillman's attorney called the therapist to set up visits. Mr. Lee's attorney also called the therapist and set up visits on May 3 and May 9, and e-mailed these times to Ms. Stillman's attorney. That same day, on April 28, Mr. Lee's attorney noted another expedited hearing for May 3 "in case [Ms. Stillman was] recalcitrant," and told Ms. Stillman's attorney he would strike the hearing once Ms.

4

Stillman confirmed she would bring D.L. to the May 3 visit. CP at 120. On the morning of May 3, Mr. Lee's attorney still had not heard from Ms. Stillman, so he obtained an ex parte order requiring Ms. Stillman to bring D.L. to the visitations on May 3 and May 9. Ms. Stillman brought D.L. to both visits, and both went well.

On May 4, Mr. Lee's attorney e-mailed Ms. Stillman's attorney and asked if the Fulcrum visits could occur the week of May 16. Ms. Stillman's attorney did not respond to the e-mail. On May 11, Mr. Lee obtained an ex parte order scheduling a hearing on the matter for May 12. Also on May 11, Ms. Stillman's attorney's office called Fulcrum and scheduled visits for May 18 and May 20. On May 12, Ms. Stillman's attorney sent a letter to Mr. Lee's attorney in which he described the visits his office scheduled, stated Ms. Stillman would transport D.L. to the visits, and agreed to begin the regular visitation schedule the following week. Mr. Lee struck the May 12 hearing. The Fulcrum visits occurred on May 18 and May 20. After then, visits occurred regularly.

On June 8, 2011, Bryan Geissler withdrew as counsel for Ms. Stillman. In April 2012, Ms. Stillman, pro se, and Mr. Lee entered into an agreed parenting plan, which provided that D.L. would spend the third weekend of each month with Mr. Lee.

C.     *Pretrial discovery motion*

On March 15, 2012, the trial court held a status conference and set the case for trial on September 10, 2012. In May 2012, Mr. Lee sent Ms. Stillman blank financial declaration forms and child support worksheets and asked her to complete them. Ms. Stillman filed the completed worksheets and copies of her 2009, 2010, and 2011 tax returns with the court, but did not return the financial declaration. On August 20, Mr. Lee sent Ms. Stillman a draft of the trial management joint report and asked Ms. Stillman to return it. Ms. Stillman retained Ellen Hendrick as counsel on August 28, 2012. At this point, Mr. Lee still had not responded to Ms. Stillman's early discovery questions that sought tax returns, W-2's, and pay stubs to verify his income.

Mr. Lee filed his proposed child support worksheets, his 2011 W-2, and one pay stub from March 2012. Mr. Lee stated he had not filed tax returns in three years, but had hired an accountant to prepare his returns. Ms. Stillman told Mr. Lee that the one W-2 and one pay stub were insufficient proof of his income, and filed motions to continue the trial and to extend the discovery cut-off date so she could subpoena additional financial information. Ms. Stillman set a hearing for September 6, less than one week before trial.

In an e-mail, Mr. Lee threatened sanctions if Ms. Stillman pursued her discovery

motions without the requisite CR 26(i) conference. Mr. Lee filed a response and

requested that the case proceed to trial and declared that Ms. Stillman had not participated

in the CR 26(i) conference. Mr. Lee then e-mailed Ms. Stillman his 2012 pay stubs and

filed them all under seal. On September 4, Ms. Stillman replied to Mr. Lee's e-mail with

the following:

> In reviewing the pay statements you sent, it is apparent that not all were
> provided. However, I believe I have enough to calculate his gross and net
> monthly incomes. I will strike the hearing set for the 6th.

CP at 518.

D. *Trial*

The court held a bench trial on September 10, 2012. The sole issues were

determination of the appropriate child support obligation and attorney fees. In his

opening, Mr. Lee asked the trial court to hold each party responsible for their own

attorney fees, arguing that Ms. Stillman's intransigence required multiple trips to court to

enforce the temporary visitation order. Mr. Lee testified he had to file two expedited

motions and threaten a third one to get visits to occur. Ms. Stillman denied that she

resisted the commissioner's temporary visitation order, but acknowledged it was

necessary to go to court to get visitations to occur. In closing, Mr. Lee argued:

7

[W]e do not ask for any attorney's fees for any past intransigence. We do hope that the Court will not hold Mr. Lee responsible for any, given the obvious [sic] of the court file showing the costs that he had to undertake to get these visits moving . . . .

Report of Proceedings (RP) (Sept. 10-11, 2012) at 158.

On the issue of child support, Mr. Lee testified that he knew he needed to provide his tax returns for 2010 and 2011 to verify his income. Mr. Lee acknowledged that at the time of trial, he had not filed tax returns for 2009, 2010, or 2011. After the noon recess, Mr. Lee's attorney provided Ms. Stillman with Mr. Lee's W-2s from 2009 and 2010, stating that he had "misunderstood Ms. Hendrick last week that she ha[d] enough to go on, and when the W-2s came in the end of last week, I didn't provide those; now I did." RP (Sept. 10-11, 2012) at 56. The W-2s indicated amounts for federal and state income tax withholdings. The 2009 and 2010 W-2s were admitted at trial, and Mr. Lee filed an amended child support worksheet based on these two W-2s. In closing, Ms. Stillman acknowledged that Mr. Lee's W-2s did show his tax withholdings. However, Ms. Stillman argued that the trial court should not give Mr. Lee any credit for taxes paid because those withholdings did not necessarily reflect final tax liability and are insufficient under RCW 26.19.071(2).[1]

---

[1] RCW 26.19.071(2) provides in relevant part: "**Verification of income.** Tax returns for the preceding two years and current paystubs shall be provided to verify

8

The trial court used Mr. Lee's W-2 from 2011 to calculate his gross annual income to be $94,118 and monthly gross income to be $7,843. To determine Mr. Lee's net monthly income, the trial court subtracted $96.94 for mandatory union dues and instructed counsel to deduct Mr. Lee's Federal Insurance Contributions Act taxes when preparing their worksheets.

On the issue of attorney fees, the trial court conducted a "need versus ability to pay" analysis. The court found that Mr. Lee was living with his parents, and while he was assisting his ailing father, this living arrangement saved Mr. Lee a significant amount of money. The trial court found that Ms. Stillman needed her attorney fees paid, and that it would take a long time before Ms. Stillman would have the resources to pay. The trial court found that Ms. Stillman was responsible for the $1,500.00 she had initially paid her attorney, and ordered Mr. Lee to pay the $3,075.88 balance of Ms. Stillman's attorney fees. In its September 11 oral ruling, the trial court explained why Mr. Lee was not responsible for $1,500 of Ms. Stillman's attorney fees: "[I]t did take quite a degree of motion work to [resolve the visitation issue.] It does not appear to have been absolutely necessary, given prior court orders. For that reason, mom will need to be responsible for [the initial] $1,500 [retainer for] Ms. Hendrick." RP (Sept. 10-11, 2012) at 173-74.

---

income and deductions."

9

### E.     *Posttrial motions for reconsideration*

On September 26, 2012, Mr. Lee filed his 2011 federal and Idaho tax returns and a declaration from his payroll administrator explaining his 2012 payroll deductions. Mr. Lee moved the court to admit his tax returns and his payroll administrator's declaration, pointing out that the only disagreement between the parties' proposed child support worksheets was whether Mr. Lee could deduct his federal and state income taxes from his gross monthly income. Ms. Stillman moved to strike the tax returns and declaration from the record and noted a hearing for October 24.

On October 5, 2012, Mr. Lee filed his first posttrial motion in which he asked the trial court to clarify its September 11 oral rulings, to amend its oral findings after trial pursuant to CR 52, and to reconsider its decision under CR 59(a)(4) due to newly discovered evidence. While Mr. Lee's motion did not explicitly characterize Ms. Hendrick's September 4, 2012, e-mail as a "settlement agreement," Mr. Lee generally argued that he detrimentally relied on Ms. Hendrick's e-mail, and the trial court should accordingly deduct his tax expenses from his gross income. This motion did not ask the trial court to reconsider its prior rulings regarding attorney fees.

On October 16, 2012, Mr. Lee filed his 2010 federal tax return.

On October 24, the court held a hearing to enter final orders from the trial and to address Mr. Lee's posttrial motion. For the first time, Mr. Lee argued that Ms. Stillman's September 2012 e-mail constituted an agreement that she would calculate Mr. Lee's net income based on the state and federal deductions reflected in the 2012 pay stubs, and also argued that the court sanctioned Mr. Lee for his late disclosures by excluding his income taxes when it calculated his net income. The trial court denied Mr. Lee's motion for reconsideration. In denying his motion, the court rejected the argument that the 2010 and 2011 tax returns were newly discovered evidence, and instead described them as "newly created" evidence. RP (Oct. 24, 2012) at 21. In addition, the trial court explained why it did not allow the tax deductions shown on the pay stubs admitted at trial:

> And certainly no federal or state income tax netting should be part of [the calculation] in light of the evidence at trial that there was no filings.
>     Mr. Lee should not be able to take advantage of some deduction that he didn't, in fact, engage through his own financial contributions.[2]

RP (Oct. 24, 2012) at 22.

The trial court awarded Ms. Stillman $1,843.40 in attorney fees for the posttrial motions, based on the financial circumstances of the parties. In its written order

---

[2] The pay stubs show that state and federal taxes were deducted from Mr. Lee's wages and paid to the government. But until final tax returns are prepared and filed, it is not possible to know to what extent these deductions are refunded. For this reason, the pay stubs are not very good evidence of final tax liability.

following the hearing, the trial court found that Mr. Lee had an actual monthly net income of $7,308.59, which resulted in a $962.00 monthly child support payment for 2012 and a $936.94 monthly payment going forward.[3]

On October 29, 2012, Mr. Lee filed a second motion for reconsideration on the same failure to deduct taxes argument. However, Mr. Lee also included a new argument—that Ms. Stillman's pretrial intransigence precluded the court from awarding her attorney fees at the trial. Another round of briefing ensued. The trial court denied Mr. Lee's second motion for reconsideration without oral argument. This appeal followed.

F.    *Payment of transcription costs for appeal*

On January 28, 2013, Mr. Lee filed a statement of arrangements notifying this court that transcripts from trial were unnecessary per RAP 9.2. Accordingly, Mr. Lee never ordered verbatim reports of proceedings from trial or his own posttrial motions for this appeal. On February 8, Ms. Stillman designated transcripts from the trial as well as the two posttrial hearings under RAP 9.2(c), and asked Mr. Lee to coordinate with the court reporter to pay for the transcripts. Mr. Lee filed a response and argued that

---

[3] This decrease in Mr. Lee's child support obligation was because Ms. Stillman anticipated that St. Luke's would promote her from part-time to full-time by 2013, so the trial court imputed full-time employment for Ms. Stillman beginning in 2013.

12

No. 31365-4-III
*In re Parenting of D.W.L.*

transcripts were unnecessary because the trial court file was sufficient to show that Ms.

Stillman defied orders and filed false claims, and therefore this court could determine Ms.

Stillman was intransigent as a matter of law. Similarly, Mr. Lee argued that the trial court

file contained the September 2012 "agreement," and therefore this court could determine

it was binding as a matter of law.

Ms. Stillman moved this court to compel Mr. Lee to order and pay for the

transcripts. Our court commissioner determined that RAP 9.2(c) required Ms. Stillman to

file her motion with the trial court. The trial court granted Ms. Stillman's motion in part,

and found that Mr. Lee needed to order "that portion of the transcript that encompasses

the Court's rulings," both pretrial and posttrial. RP (Apr. 19, 2013) at 54. The trial court

stated:

> [A]s I recall, Mr. Mason's argument [on the intransigence issue] was,
> [']Look at the entire file, Judge. She didn't do this, she didn't do this, et
> cetera.['] So when it comes to that issue, the transcript of the Court's oral
> decision plus a review of the entire file will enable you to argue and will
> enable Mr. Mason to argue without the necessity of a transcript of the
> testimony at trial
>
> . . . .
> I'm not finding that the intransigent argument needs anything
> but just the Court's ruling and then this [sic] historic pleadings and
> contempt . . . .

RP (Apr. 19, 2013) at 50-52.

13

On April 24, 2013, the trial court entered a written order requiring Mr. Lee to pay for transcripts of the October 24, 2012 and November 1, 2012 hearings. Mr. Lee thereafter ordered transcripts from these hearings, as well as a transcript from the April 19, 2013 hearing, and filed them. Ms. Stillman moved the trial court to reconsider its order, arguing the trial court also intended to compel Mr. Lee to order its immediate posttrial rulings on September 11, 2012. The trial court denied Ms. Stillman's motion to reconsider. Ms. Stillman filed a notice of appeal, No. 31811-7-III, assigning error to the trial court's April 24, 2013 written order and its subsequent order denying reconsideration. Ms. Stillman later withdrew that appeal. On October 15, 2014, Ms. Stillman ordered the September 10 and 11, 2012, transcripts for this court's review.

## ANALYSIS

Mr. Lee seeks to reargue the case to this court. He attempts to frame the standard of review as de novo by citing to the written record rather than the trial testimony. On the issue of attorney fees, he argues Ms. Stillman was not entitled to attorney fees because she was intransigent in that her amended petition improperly alleged protective factors, and also that she failed to assure Mr. Lee that she would adhere to the court commissioner's temporary visitation order. On the issue of child support, he argues the trial court erred in not adhering to an e-mail agreement between counsel that his 2012 pay

14

stubs were sufficient for calculating his net income; or alternatively, the trial court improperly penalized him for not timely filing his tax returns. Because the trial court, not the appellate court, is the finder of facts, we must examine the true bases of the trial court's decisions, and whether the required quantum of evidence supports these decisions.

A.    *Bases of attorney fee award*

RCW 26.26.140 gives the trial court discretion to award attorney fees to a party in an action filed pursuant to chapter 26.26 RCW. *In re Marriage of T.*, 68 Wn. App. 329, 334, 842 P.2d 1010 (1993). The trial court required Mr. Lee to pay a portion of Ms. Stillman's attorney fees on the basis that Ms. Stillman had substantial need, and Mr. Lee had the ability to pay. Mr. Lee does not assign error to the trial court's determinations in this respect. Rather, Mr. Lee argues that the trial court is or should be precluded from awarding fees because Ms. Stillman was intransigent.

During closing arguments, the parties argued the issue of intransigence to the trial court. In its oral ruling, the trial court acknowledged some difficulty in getting the initial visits scheduled, but did not classify this difficulty as being caused by Ms. Stillman, much less by her intransigence. The trial court, however, refused to require Mr. Lee to pay the portion of Ms. Stillman's attorney fees relating to this initial difficulty. In doing so, the

15

trial court declined to reimburse Ms. Stillman for $1,500 of her attorney fees that she paid her attorney as a retainer.

There is no evidence that Ms. Stillman was intransigent. The fact that Mr. Lee repeatedly filed motions when he anticipated that Ms. Stillman would violate the commissioner's order does not establish intransigence. The fact is Ms. Stillman never violated a court order. But even if Ms. Stillman improperly alleged protective factors in her amended petition, and even if she failed to timely assure Mr. Lee that visitations would occur as ordered, we find no abuse of discretion in the trial court's decision to award attorney fees incurred *after* these initial difficulties. We conclude that the trial court did not abuse its discretion when it apportioned attorney fees in a manner that reimbursed Ms. Stillman only for those fees incurred after the initial difficulties.

B.    *Bases of child support order*

In its oral ruling, the trial court explained it did not deduct state and federal taxes from Mr. Lee's W-2s because Mr. Lee failed to provide sufficient evidence of the amounts he ultimately had to pay. RCW 26.19.071(2) requires a party to provide tax returns for the preceding two years and current pay stubs to verify income and deductions. It is undisputed that Mr. Lee failed to provide the documents required by RCW 26.19.071(2) either prior to or during the trial. However, his accountant prepared

16

returns for 2010 and 2011 after trial, and Mr. Lee filed these returns with the court posttrial and unsuccessfully argued that the state and federal taxes reflected in those returns should be deducted in calculating his net income.

Mr. Lee makes two arguments as to why the trial court erred in rejecting his reconsideration motion. First, he argues that the September 4, 2012 e-mail from Ms. Stillman's counsel constituted an agreement that Mr. Lee's net income would be based on the deductions shown in the 2012 pay stubs. Second, he argues that the trial court refused to consider the filed returns as a discovery sanction, and that the sanction was in error because Ms. Stillman failed to establish prejudice.

1. *The September 4, 2012 e-mail*

Ms. Stillman's attorney struck her motion to compel discovery once Mr. Lee provided the 2012 pay stubs. In striking the motion, Ms. Stillman's attorney stated:

> In reviewing the pay statements you sent, it is apparent that not all were provided. However, I believe I have enough to calculate his gross and net monthly incomes. I will strike the hearing set for the 6th.

CP at 518. We note that there is nothing in the e-mail that indicates which deductions Ms. Stillman agreed to in the pay stubs. We also note that Ms. Stillman did not deduct the state and federal taxes shown on the pay stubs in her child support worksheets she filed on the day of trial. In response to Ms. Stillman not deducting state and federal taxes,

17

Mr. Lee offered and the court admitted his 2009 and 2010 W-2s. Finally, we note that the above e-mail response did not cause Mr. Lee to detrimentally rely; rather, his 2010 and 2011 tax returns were not ready prior to trial, and were not prepared until several weeks after trial. For all these reasons, the trial court did not err in determining that Ms. Stillman's September 4, 2012 e-mail was not an agreement to calculate Mr. Lee's net income by deducting the state and federal taxes shown on the 2012 pay stubs.

2.      *Failure to admit tax returns after trial*

The trial court correctly observed that the 2010 and 2011 tax returns that were filed weeks after trial were not newly *discovered* evidence, but rather were newly *created* evidence. Mr. Lee argues that the trial court refused to admit the 2010 and 2011 tax returns as a sanction, and such sanctions constitute error because Ms. Stillman was not prejudiced by the late disclosures. In support of his argument, he cites *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997).

In *Burnet*, the trial court precluded the plaintiffs from pursuing their corporate negligence claim based on their violation of a scheduling order. *Id.* at 491-92. We affirmed the sanction, but the Supreme Court reversed. In reversing, the *Burnet* court held that when imposing sanctions for discovery violations under CR 37(b)(2), the trial court must indicate on the record whether the sufficiency of a lesser sanction was

18

explicitly considered, whether the conduct that lead to the sanction was willful, and whether the violation substantially prejudiced the opponent's ability to prepare for trial. *Id.* at 493-94.

Here, unlike *Burnet*, the trial court was faced with the decision of whether to admit evidence *after* trial. The proper analysis falls under CR 59, not CR 37(b). Because Mr. Lee does not attempt to analyze the issue on appeal under CR 59, we need not either. Rather, we conclude that *Burnet* is inapplicable when considering whether evidence should be admitted posttrial under CR 59.

C.    *Attorney fees on appeal*

Both parties request attorney fees against the other. Because Ms. Stillman has prevailed, we consider her request. She argues that she is entitled to an award of attorney fees based on (1) RCW 26.26.140; (2) RCW 26.18.160; (3) Mr. Lee's intransigence; (4) Mr. Lee's noncompliance with RAP 9.2(c); and (5) RAP 18.9, relating to a frivolous appeal.

As previously stated, RCW 26.26.140 authorizes an award of reasonable attorney fees to a prevailing party in an action filed pursuant to chapter 26.26 RCW. We exercise our discretion and award Ms. Stillman her reasonable attorney fees on appeal. We exercise our discretion in this manner because the trial and this appeal likely would have

No. 31365-4-III
*In re Parenting of D.W.L.*

been unnecessary had Mr. Lee timely prepared his 2010 and 2011 tax returns and

provided those returns and his pay stubs to Ms. Stillman.

Ms. Stillman is also entitled to costs under RCW 26.26.140 for providing the

transcripts from the trial proceedings on September 10, 2012, as well as costs for

providing the transcripts from the trial court's oral rulings on September 11, 2012. *See*

RAP 9.2.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Siddoway, J.

Korsmo, J.

20